[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 24, 2012
JOHN LEY
CLERK

No. 11-14934
Non-Argument Calendar
_____

D.C. Docket No. 0:97-cr-06063-KLR-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BARBARA ANN MURRAY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 24, 2012)

Before TJOFLAT, CARNES and WILSON, Circuit Judges.

PER CURIAM:

In May 2000, Barbara Murray was convicted of multiple violations of 18 U.S.C. §§ 1341, 1343, and 1956(a)(1)(A)(i) for engaging with Richard Adam and others in "a scheme to defraud people seeking venture capital loans.  In exchange for advance payment of a substantial fee, Adam and his associates falsely promised to obtain multimillion dollar loans for would-be borrowers." *United States v. Murray*, 154 Fed. Appx. 740, 742 (11th Cir. 2005).[1]  On appeal, we affirmed Murray's convictions, but, on the Government's cross-appeal, we vacated her sentences and remanded for resentencing.  *Id.* at 747.  On April 19, 2006, Murray was resentenced to concurrent terms of 12 months and one day, with a three-year term of supervised release.

In April 2006, Murray moved the district pursuant to 28 U.S.C. § 2255, to vacate her convictions; the court denied her motion, and we declined to issue a certificate of appealability to allow her to appeal the denial.  She moved the court for § 2255 relief again, on June 24, 2010, claiming that she was innocent of the crimes for which she had been convicted and, moreover, that the Government had improperly withheld evidence of her innocence.  A magistrate judge recommended that the district court deny the motion as successive, but the court has not acted on the recommendation.  Then, on September 7, 2011, Murray moved the court,

---

[1]  Our mandate issued on February 23, 2006.

pursuant to Federal Rule of Civil Procedure 60(b)(3), to set aside her convictions on the ground that they had been obtained by the Government by fraud. In the same document, she moved the court to grant her a new trial pursuant to Federal Rule of Criminal Procedure 33(a). The court denied both motions, and Murray appeals the rulings.

Murray's Rule 60(b)(3) motion was untimely, since it was filed more than one year after the conclusion of her trial. The district court therefore lacked jurisdiction to consider it. Murray's Rule 33(a) motion was also untimely, as it was filed more than three years after the verdicts of guilty. *See* Rule 33(b). Hence, the district court lacked jurisdiction to entertain that motion. And if construed as motions for § 2255 relief, the district court lacked jurisdiction to entertain the two motions because they would be successive. Murray must, instead, move this court for leave to file a successive motion. *See* 28 U.S.C. §§ 2255(h), 22(b)(3).

AFFIRMED.